1  ABRAHAM A. TABAIE (SBN 260727)
   abraham.tabaie@skadden.com
2  EMILY REITMEIER (SBN 305512)
   emily.reitmeier@skadden.com
3  SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP
4  525 University Avenue
   Palo Alto, California 94301-1908
5  Telephone:    (650) 470-4500
   Facsimile:    (650) 470-4570
6

7  EDWARD L. TULIN (*pro hac vice*)
   edward@gishpllc.com
8  ANDREW D. GISH (*pro hac vice*)
   andrew@gishpllc.com
9  RAYMOND J. BILDERBECK (*pro hac vice*)
   ray@gishpllc.com
10 GISH PLLC
   41 Madison Avenue, Floor 31
11 New York, NY 10010
   Telephone:    (212) 518-2000
12

13 Attorneys for Defendant Voyager Labs, Ltd

14
15                       **UNITED STATES DISTRICT COURT**
16                       **NORTHERN DISTRICT OF CALIFORNIA**
17                          **SAN FRANCISCO DIVISION**

18 | META PLATFORMS, INC., a Delaware corporation, | Case No. 3:23-cv-00154-AMO |
19 |                                                |                              |
20 | Plaintiff,                                     | **DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE** |
   | v.                                             |                              |
21 | VOYAGER LABS LTD., a United Kingdom corporation, | Original Complaint Filed: Jan 12, 2023 |
22 |                                                |                              |
   | Defendant.                                     |                              |
23

24
25
26
27
28

Defendant Voyager Labs Ltd., ("Defendant") hereby respectfully responds to the Court's Order to Show Cause as to why Defendant's Motion to Dismiss the originally filed Complaint (Dkt. No. 36) should not be terminated as moot in light of the First Amended Complaint (Dkt. No. 42) filed by Plaintiff Meta Platforms, Inc. ("Plaintiff").

On January 12, 2023, Plaintiff filed its original Complaint in this action, asserting a single cause of action for breach of contract. On April 13, 2023, Defendant filed a Motion to Dismiss the original Complaint pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Plaintiff had failed to plausibly assert a claim for breach of contract. (Dkt. No. 36.) Rather than file a brief in opposition to Defendant's Motion to Dismiss, Plaintiff instead filed a First Amended Complaint on May 5, 2023. (Dkt. No. 42.) As compared to the original Complaint, the First Amended Complaint includes additional factual allegations, attaches new exhibits, and asserts two new causes of action. Defendant is continuing to analyze the First Amended Complaint, but it appears that the additional allegations and exhibits are insufficient to remedy the pleading defects in Plaintiff's original breach of contract claim. As a result, Defendant's arguments from its currently pending motion to dismiss likely will apply equally to the First Amended Complaint.

That being said, Defendant obviously did not have the opportunity to address any of the new allegations or exhibits in the currently pending Motion to Dismiss. Nor has Defendant had the opportunity to respond to the two new causes of action asserted by Plaintiff for the first time in the First Amended Complaint. Because Defendant will likely file a Motion to Dismiss that addresses these new allegations, exhibits, and claims, Defendant has no objection to the termination of its currently pending Motion to Dismiss (Dkt. No. 36). Defendant will respond to the First Amended Complaint in due course, and, if it files a new Motion to Dismiss, then Defendant's arguments for dismissal of the First Amended Complaint will be included in a single document.

| | | |
|---|---|---|
| 1 | Dated: May 15, 2023 | GISH PLLC |
| 2 | | By:   */s/Edward L. Tulin* |
| 3 | |       EDWARD L. TULIN<br>      Attorneys for Defendant Voyager Labs Ltd. |