KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
OLEG ELKHUNOVICH (269238)
oeklhunovich@susmangodfrey.com
MICHAEL GERVAIS (330731)
mgervais@susmangodfrey.com
LEAR JIANG (338600)
ljiang@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150

CHANLER LANGHAM (*Pro Hac Vice*)
clangham@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas  77002-5096
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

Attorneys for Plaintiff Meta Platforms, Inc.

*Attorneys for Defendant Voyager Labs Ltd. on signature page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| META PLATFORMS, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>VOYAGER LABS LTD., a United Kingdom corporation,<br><br>Defendant. | Case No. 3:23-cv-00154-AMO<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the Court's May 10, 2023 Order (ECF 44), Plaintiff Meta Platforms, Inc. and Defendant Voyager Labs Ltd. submit this Updated Joint Case Management Statement. This submission is made pursuant to Civil Local Rule 16-9 and Fed. R. Civ. P. 26(f).

**1. Jurisdiction & Service**

The Court has subject matter jurisdiction over the first and third causes of action under 28 U.S.C. § 1332 because complete diversity exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.  The Court has subject matter jurisdiction over the second cause of action under 28 U.S.C. § 1331.

Defendant has signed a Waiver of the Service of Summons. Plaintiff has filed Defendant's signed waiver. ECF 11. Under the Federal Rules, Defendant is deemed to have been served at the time of the waiver's filing on January 17, 2023. Fed. R. Civ. P. 4(d)(4).

<u>Defendant's Statement</u>: Defendant has agreed not to contest the exercise of personal jurisdiction over it by this Court solely for purposes of the first cause of action, and has likewise agreed not to contest that venue is proper in this Court for purposes of the first cause of action. Defendant denies that the Court may properly exercise personal jurisdiction over it for purposes of the second and third causes of action.  The basis for Defendant's objection to personal jurisdiction (and the arguments in Plaintiff's Statement, below) will be addressed in detail in Defendant's forthcoming motion to dismiss, to be filed no later than June 2, 2023.

<u>Plaintiff's Statement:</u> This Court has personal jurisdiction over all causes of action. As an initial matter, Defendant has appeared in this action, filed an initial motion to dismiss, and filed a case management statement in which it stated that it has "agreed not to contest the exercise of personal jurisdiction over it by this Court." ECF No. 35.  Additionally, Defendant agreed to personal jurisdiction in this Court when it created Facebook and Instagram accounts and agreed to those services' Terms of Service and/or Use.  Defendant also knowingly directed and targeted its conduct at Plaintiff—which has its principal place of business in California. As part of its conduct, Defendant intentionally scraped data from at least 15,000 Facebook users in California. Defendant has also transacted business and engaged in commerce in California by, among other things, distributing its products to California customers, including the Los Angeles Police Department.

**2. Facts**

<u>Plaintiff's Statement</u>: Meta brings this lawsuit to enforce its Terms and protect the privacy of its users against Defendant, who marketed its services to clients that wanted to conduct surveillance on social media websites without being detected, and who claimed to profile and sell data to third parties, such as law enforcement agencies.

Meta alleges that, beginning no later than July 2022, Defendant developed, distributed, and operated a software that relies on fake accounts and unauthorized automated means to collect data from Facebook and Instagram (the "Surveillance Software"). Defendant designed the Surveillance Software to "enable traceless collection" and analyze "massive amounts" of data from Facebook and Instagram. ECF 42 at ¶ 39. Defendant promoted the software as a "Near-Real Time Data Gathering," tool, that collected data "anonymously, [by] using multiple proxies from different locations and multiple vendors." *Id*. Defendant designed the Surveillance Software to conceal its presence and activity from Meta and others, then sold the data it scraped with the Surveillance Software. Defendant used at least 38,000 fake Facebook accounts to scrape more than 600,000 Facebook users' viewable profile information, including the profiles of more than 15,000 users in California. *Id*. at ¶ 1, 55.

Meta operates, among other products, Facebook and Instagram. All users of Facebook and Instagram agree to their respective Terms of Service or Use (collectively, "Meta's Terms"). Meta's Terms prohibit users from, among other things, (1) accessing or collecting data from Facebook and Instagram using automated means without Meta's permission (also known as "scraping"); (2) attempting to access data that a user does not have permission to access; (3) selling, licensing, or purchasing any account or data obtained from Meta's platforms; (4) doing anything unlawful, misleading, or fraudulent; and (5) creating additional accounts without Meta's permission if Meta has previously disabled the user's account.

To combat scraping and other abuses, Meta uses a combination of technological measures designed to control access to Facebook and Instagram, and to detect and disrupt scraping at different stages. These include, among other measures, requiring users to register and log in to use Meta's products; requiring users to confirm their contact information during registration; flagging accounts

for suspicious activity; and rate and data limits to restrict how many times anyone can interact with Meta computers in a given amount of time.

Meta's Terms prohibit Defendant's scraping activities. Meta notified Defendant multiple times of its violation of Meta's Terms. Meta has also notified Defendant that it may not access Meta's computers using automated means without Meta's prior authorization.  Since at least October 16, 2017, Meta's legal counsel has put Defendant on notice that Defendant does not have Meta's authorization to use any automated means on Meta's platforms.  Most recently, on February 23, 2023, Meta sent another cease-and-desist letter to Defendant, reiterating that Meta has revoked Defendant's access and use of Facebook and Instagram and that any continued access and use of Facebook and Instagram by Defendant is without authorization.  Meta has taken additional technical enforcement measures against Defendant as well, such as deactivating fake accounts associated with Defendant.

Meta devotes substantial resources to combating unauthorized scraping by entities such as Defendant that violate Meta's Terms.  Meta has taken a variety of actions against Defendant and others to combat this type of abuse. Meta has filed this action because Defendant's unauthorized conduct has persisted, despite clear notice by Meta that Defendant's access and use of Facebook and Instagram had been revoked.

<u>Defendant's Statement</u>:  Defendant is a UK-based holding company, which has subsidiaries that have developed ground-breaking analytical software.  This software is primarily used by law enforcement organizations worldwide to analyze publicly available information to address critical challenges such as human trafficking, internet crimes against children (ICAC), gang violence, homicide, narcotics trafficking, and terrorism.

None of what Plaintiff identifies above as Meta's Terms are binding on Defendant, at least because there is no such contract between Plaintiff and Defendant.  Defendant did not design or develop the software that is the subject of Meta's First Amended Complaint ("FAC").  Defendant has not scraped data from Facebook or Instagram, or from the profiles of any users in California, and has not sold any such data.  Defendant further does not believe it engaged in any of the activities outlined Meta's February 23 letter, and it is not currently accessing or using Facebook or Instagram.

In Defendant's view, this case was not borne out of genuine concern about the alleged data scraping or any other actions outlined in the FAC, but rather as part of a public relations campaign. Indeed, Meta admits that the conduct at issue here "did not compromise Facebook," and only involved "publicly available data." *See* https://about.fb.com/news/2023/01/leading-the-fight-against-scraping-for-hire/. Moreover, Meta has been aware of the software at issue and its core functions for more than seven years, at least through direct, in-person meetings involving the highest echelons of Meta's predecessor-in-interest, Facebook, including its Chief Executive Officer, Mark Zuckerberg. If Meta truly believed that the conduct alleged in the FAC were problematic, then Meta could have taken action long before this action was filed.

**3. Legal Issues**

Plaintiff's Statement: The principal legal issues in dispute are:

- Whether Defendant's conduct constitutes a breach of Facebook's Terms of Service and/or Instagram's Terms of Use.
- Whether Defendant's conduct constitutes a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.
- Whether Defendant's conduct constitutes a violation of California Penal Code § 502.
- Whether Meta is entitled to relief sought by the FAC, including monetary damages, accounting and disgorgement of profits, attorneys' fees, and a permanent injunction.

Defendant's Statement: The principal legal issues in dispute are:

- Whether this Court can properly exercise personal jurisdiction over Defendant for purposes of the second and third causes of action.
- Whether Plaintiff has failed to state a plausible claim for breach of contract, despite having had multiple opportunities to do so.
- Whether Plaintiff has failed to plead facts that would support holding Defendant liable for the actions of any third-party entities under either an alter ego or agency theory, despite having had multiple opportunities to do so.
- Whether Meta and Defendant entered into a contract, and the terms of any such contract.

- Whether, if Meta and Defendant entered into a contract, that contract is still in force or otherwise enforceable.
- Whether, if an enforceable contract was entered into between Meta and Defendant, Defendant breached that contract.
- Whether Meta is estopped or otherwise barred under principles of equity from recovery any relief in this action.
- Whether Meta's causes of action are barred, in whole or in part, under the applicable statutes of limitation.
- Whether Meta has suffered any damages.
- Whether Meta has satisfied its heavy burden of showing that it is entitled to permanent injunctive relief.

**4. Motions**

On April 13, 2023, Defendant filed a Motion to Dismiss Meta's initial Complaint. ECF 36.

On May 5, 2023, Meta filed a First Amended Complaint. ECF 42. Defendant has no objection to the termination of its Motion to Dismiss Meta's initial Complaint, and intends to move to dismiss the First Amended Complaint on June 2, 2023. Defendant may also file a motion to stay discovery, including its deadline to respond to the written discovery that Plaintiff has served.

**5. Amendment of Pleadings**

Meta filed the operative First Amended Complaint on May 5, 2023. ECF 42. Based upon documents that may be obtained in discovery, Plaintiff may seek to further amend its complaint. Defendant's response to Meta's First Amended Complaint is due on June 2, 2023.

Defendant's Statement: Defendant does not believe that Plaintiff should be permitted any further opportunity to amend its complaint; this action should be dismissed with prejudice.

Plaintiff's Statement: Plaintiff has not yet been served with Defendant's forthcoming motion to dismiss Plaintiff's FAC. Plaintiff believes its claims are meritorious.

**6. Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f)

regarding reasonable and proportionate steps taken to preserve evidence relevant to issues reasonably evident in this action.

**7. Disclosures**

The parties exchanged initial disclosures on May 5, 2023, based on the original Complaint, which asserted a single cause of action for breach of contract.

**8. Discovery**

Meta served its first set of requests for production of documents, interrogatories, and requests for admission on April 21, 2023. Defendant requested, and Meta granted, a 30-day extension for Defendant to respond to Meta's first set of discovery requests to until June 21, 2023.[1]

The parties anticipate meeting and conferring on a proposed protective order, which they intend to present to the Court for approval. The parties will continue to meet and confer on the necessity of a protocol governing the discovery of electronically stored information and the treatment of any computer code that may be relevant and proportional to the needs of the case.

Plaintiff's Statement: Meta intends to seek—through depositions, interrogatories, document requests, and requests for admissions—information related to the wrongdoing alleged in the First Amended Complaint. Meta anticipates discovery on at least the following topics, many of which are covered in Meta's first set of discovery requests:

- A complete description of Defendant's methods for collecting, storing, and distributing data from Facebook and Instagram.
- Identification of any and all Facebook and Instagram accounts Defendant created or otherwise used, directly or indirectly.
- Identification of any individuals involved in the creating, maintaining, accessing, or using of any of the above referenced Facebook and Instagram accounts.
- Revenue Defendant generated in connection with the activities alleged in the FAC.

---

[1] Since that time, Plaintiff filed its FAC, which, in Defendant's view, fails to assert a plausible claim for breach of contract for the second time, and asserts two other claims for which this Court cannot properly exercise personal jurisdiction over Defendant. Defendant therefore believes that discovery, including Defendant's responses to any discovery that has been served, should be stayed pending resolution of the forthcoming motion to dismiss. Any statements by Defendant relating to future discovery in Section 8 of this Statement are subject to the foregoing.

- Any documents or communications relating to Defendant's Surveillance Software.
- Identification of computer infrastructure used to facilitate activities alleged in the FAC.
- Records identifying individuals and entities using the Surveillance Software.
- Identification of Defendants' customers, including any agreements, communications, correspondence with, and payments received from those customers.
- Any computer code or software Defendant has utilized—directly or indirectly—to interact with Meta's platforms, computers, and servers.
- Identification of any individuals involved in the development of any of the above referenced code.
- Any computer code or software Defendant has utilized—directly or indirectly—to conceal the operation of its data scraping from Meta's platforms.
- Identification and location of data that Defendant's products and services scraped from Meta's platforms.
- Defendant's relationship to Voyager Analytics, Inc., Bionic 8 Analytics Ltd., and Novarize, Inc.
- Defendant's efforts to cease access to Facebook and Instagram following notice that Defendant's access to Facebook and Instagram had been revoked.

Meta believes that discovery on these issues should continue without further delay. There is no basis to stay discovery while Defendant's motion to dismiss is pending. To the extent that particular issues arise concerning third-parties, Meta is confident that the parties can address those issues in good faith at the time those potential third-party issues arise.

Defendant's Statement: To the extent that this case survives Defendant's forthcoming motion to dismiss, and/or if discovery is not stayed pending Defendant's forthcoming motion to dismiss, then Defendant intends to seek—through depositions, interrogatories, document requests, and requests for admissions—information related to at least the following topics:

- Pre-filing business discussions and other communications with Meta (or its predecessors-in-interest) relating to the software at issue in the FAC, Defendant, and/or Defendant's subsidiaries;

- Any evidence that Defendant manifested assent to any of Meta's Terms;
- All versions of Meta's Terms that Meta contends constitute a contract with Defendant;
- Meta's compliance with the terms of any contract alleged to exist with Defendant, including any evidence that Meta has conducted, or has assisted others in conducting, surveillance on its users;
- Evidence relating to Meta's awareness of conduct by others which is similar to that alleged in the Complaint and FAC, and any steps taken by Meta to address that conduct;
- The means by which Meta acquired the information cited or otherwise referenced in the Meta's Complaint and FAC;
- Meta's own use of publicly available data on Facebook and Instagram, and methods of collecting and analyzing that data;
- Any evidence that Defendant has engaged in the acts outlined in Meta's Complaint or FAC; and
- Any damages or harm allegedly suffered by Meta, including any investigative costs.

Upon Defendant's current information and belief, many of the topics for discovery listed above by Meta implicate documents, materials, and other information that are exclusively within the possession, custody, or control of third-parties (including foreign and governmental entities), or that are protected from disclosure by confidentiality and/or governmental classification protections.

**9. Class Actions**

This matter is not proceeding as a class action.

**10. Related Cases**

There are no related cases or proceedings pending before another judge of this Court, another Court, or another administrative body.

**11. Relief**

Plaintiff's Statement:  As set forth in the First Amended Complaint, Plaintiff requests that the Court enter a permanent injunction enjoining and restraining Defendant and all those persons acting in concert or participation with Defendant from: (1) accessing or attempting to access Meta's platforms, including Facebook and Instagram, and Meta's computer systems; (2) developing,

offering, and marketing software, computer code, or other products or services intended to automate the collection of data from Meta's platforms or circumvent Meta's enforcement measures; (3) engaging in any activity, or facilitating others to do the same, that violates Facebook's and Instagram's Terms; and (4) distributing data of any kind obtained or purportedly obtained from Meta or services provided by Meta, including Facebook and Instagram. Meta also requests that the Court enter an injunction requiring Defendant to identify the location of any and all data obtained from Meta or services provided by Meta, including Facebook and Instagram, delete any and all such data, and identify any and all individuals and entities with whom Defendant shared such data.

Meta also seeks damages, including, but not limited to, compensatory, statutory, and punitive damages; reasonable costs, including attorneys' fees; and pre- and post-judgment interest.

Defendant's Statement:  Defendant has not asserted any counterclaims or any other claims for relief.  Meta is entitled to no relief in this action, at least because no contract exists between Meta and Defendant, and because Defendant is not subject to personal jurisdiction for the second and third causes of action.

**12. Settlement and ADR**

The parties have filed the ADR Stipulation and Proposed Order form, in which the parties agree to participate in an early settlement conference with a magistrate judge by no later than 90 days from the date of an order referring the case to ADR. ECF 34.

**13. Other References**

At this time, the parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

Defendant's Statement: As noted, Defendant believes that Plaintiff has now failed multiple times to state a claim for breach of contract and to plead facts that would support any theory of liability for the actions of any third-parties.  Its remaining claims fail for lack of personal jurisdiction.  Defendant therefore believes that no discovery in this action is appropriate before its forthcoming motion to dismiss has been resolved, as that motion may be case-dispositive.

Plaintiff's Statement: There is no basis to stay discovery. Meta has alleged facts establishing

the existence of an enforceable contract between Plaintiff and Defendant. Everyone who creates a Facebook or Instagram account or otherwise uses Facebook or Instagram agrees to Meta's Terms. Defendant was bound by Meta's Terms because Defendant created and controlled one or more Facebook accounts, Instagram accounts, Facebook Pages, and Business Manager accounts, and thus agreed to Meta's Terms. To the extent Defendant now claims it did not create Facebook or Instagram accounts, or that it is not bound to Meta's Terms that bind all other Facebook and Instagram users, or that it disagrees with Plaintiff's factual allegations, then Defendant only raises factual questions that are inappropriate to resolve through a motion to dismiss. Similarly, Defendant has already agreed to personal jurisdiction in this Court and has targeted activities at Plaintiff and at California Facebook users. Defendant has also marketed and sold products to customers in California, including the LAPD. Accordingly, Defendant's forthcoming motion to dismiss is meritless, and should not be a basis to further delay this litigation.

### 15. Expedited Trial Procedure

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

### 16. Scheduling

The parties' scheduling proposal is set forth below:[2]

| Event | Proposed Date |
|---|---|
| Deadline to Amend Pleadings | November 3, 2023 |
| Fact Discovery Cutoff | February 2, 2024 |
| Initial Expert Disclosures | February 16, 2024 |
| Rebuttal Expert Disclosures | March 15, 2024 |
| Expert Discovery Cutoff | April 9, 2024 |
| Deadline to File Dispositive Motions and *Daubert* Motions | May 3, 2024 |
| Response to Dispositive Motions and *Daubert* Motions | June 7, 2024 |
| Deadline to file Motions *in Limine* | July 12, 2024 |
| Response to Motions *in Limine* | August 12, 2024 |
| Deadline to file Joint Pretrial Statement | August 26, 2024 |
| Final Pre-Trial Conference | September 5, 2024 |

---

[2] Defendant has agreed to this proposed schedule only to the extent that discovery is not stayed in whole or in part pending resolution of its forthcoming motion to dismiss.

| Trial | September 17, 2024 |

**17. Trial**

The parties demand a trial by jury. The parties expect trial to last between three to five days.

**18. Disclosure of Non-party Interested Entities or Persons**

Plaintiff's Statement: Plaintiff has filed the appropriate certifications required by Local Rule 3-15 and the Federal Rules of Civil Procedure. ECF 8. Plaintiff is not aware of any persons or entities with a financial or any other interest in the subject matter in controversy other than the named parties and the following entities that are affiliated with Defendant: Voyager Analytics, Inc., Bionic 8 Analytics Ltd., and Novarize, Inc.

Defendant's Statement: Defendant has filed the appropriate certifications required by Local Rule 3-15 and the Federal Rules of Civil Procedure. ECF 41.

**19. Professional Conduct**

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

Not Applicable.

Dated: May 31, 2023

KALPANA SRINIVASAN
CHANLER LANGHAM
OLEG ELKHUNOVICH
MICHAEL GERVAIS
LEAR JIANG
SUSMAN GODFREY L.L.P.

By: */s/ Kalpana Srinivasan*
        Kalpana Srinivasan

Attorneys for Plaintiff
META PLATFORMS, INC.

| | | |
|---|---|---|
| 1 | Dated: May 31, 2023 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 2 | | |
| 3 | | By:  */s/ Abraham A. Tabaie* |
| 4 | | Abraham A. Tabaie |
| 5 | | Attorneys for Defendant Voyager Labs Ltd. |