1  ABRAHAM A. TABAIE (SBN 260727)
   abraham.tabaie@skadden.com
2  EMILY REITMEIER (SBN 305512)
   emily.reitmeier@skadden.com
3  SKADDEN, ARPS, SLATE, MEAGHER &
     FLOM LLP
4  525 University Avenue
   Palo Alto, California  94301-1908
5  Telephone:    (650) 470-4500
   Facsimile:    (650) 470-4570
6

7  EDWARD L. TULIN (*pro hac vice*)
   edward@gishpllc.com
8  ANDREW D. GISH (*pro hac vice*)
   andrew@gishpllc.com
9  RAYMOND J. BILDERBECK (*pro hac vice*)
   ray@gishpllc.com
10 GISH PLLC
   41 Madison Avenue, Floor 31
11 New York, NY 10010
   Telephone:    (212) 518-2000
12

13 Attorneys for Defendant Voyager Labs, Ltd.

14

15             UNITED STATES DISTRICT COURT

16       FOR THE NORTHERN DISTRICT OF CALIFORNIA

17             SAN FRANCISCO DIVISION

18

19 META PLATFORMS, INC.,                  Case No. 3:23-cv-00154-AMO

20             Plaintiff,
                                          **DEFENDANT VOYAGER LABS LTD.'S**
21       vs.                              **MOTION FOR STAY OF DISCOVERY**
                                          **PURSUANT TO CIVIL L.R. 7-11**
22
   VOYAGER LABS LTD.,
23
             Defendant.                   Original Complaint Filed: January 12, 2023
24

25

26

27

28

Pursuant to Civil L.R. 7-11, Defendant Voyager Labs Ltd. ("Defendant") respectfully moves for a stay of discovery, including its deadline to respond to the First Set of Requests for Production (Nos. 1-23), First Set of Requests for Admission (Nos. 1-29), and First Set of Interrogatories (Nos. 1-12), that have been served by Plaintiff Meta Platforms Inc. ("Plaintiff") ("Plaintiff's Requests," attached hereto as Ex. 1). Absent the requested stay, Defendant's responses to Plaintiff's Requests would be due on June 21, 2023, which is before (i) the Case Management Conference (which has not yet been scheduled); and (ii) the hearing, currently scheduled for July 27, 2023, on Defendant's pending, case-dispositive motion to dismiss with prejudice (Dkt. No. 50). It would be unfairly prejudicial and inefficient to require Defendant to engage in discovery, including discovery in response to Plaintiff's Requests, before the Court has held a Case Management Conference or had the opportunity to consider the case-dispositive arguments in Defendant's motion to dismiss.

## I.    **BACKGROUND**

### A.    **The Pleadings and Defendant's Challenges to the Sufficiency of Those Pleadings**

On January 12, 2023, Plaintiff filed its Complaint, asserting a single cause of action for breach of contract. (Dkt. No. 1.) On April 13, 2023, Defendant filed its Motion to Dismiss the Original Complaint, which was noticed for hearing on June 1, 2023. (Dkt. No. 36, "the First MTD.") Defendant argued that the single cause of action for breach of contract should be dismissed because (i) Plaintiff failed to plausibly plead the existence of a contract between Plaintiff and Defendant, and (ii) Plaintiff failed to plausibly plead that Defendant could be held liable for any conduct of its subsidiaries under either an alter ego or agency theory. On May 5, 2023, rather than filing an opposition to the First MTD, Plaintiff filed a First Amended Complaint ("the FAC"). (Dkt. No. 42.) The FAC failed to remedy the deficiencies that Defendant identified in the First MTD, and instead asserted two new claims: one under the Computer Fraud and Abuse Act ("the CFAA Claim"), and another under Section 502 of the California Penal Code ("the CDAFA Claim"). On June 2, 2023, Defendant moved to dismiss the FAC with prejudice because Plaintiff still failed to assert a plausible claim for breach of contract, and because the Court cannot properly exercise personal jurisdiction over Defendant for the remaining claims. (Dkt. No. 50, "the Second MTD.")

**B.  Plaintiff's Discovery Requests**

On April 21, 2023, Plaintiff served the sixty-four discovery requests referenced above.[1] Plaintiff's Requests seek information from Defendant and from three non-party entities:  Voyager Analytics, Inc., Bionic 8 Analytics, Ltd., and Novarize, Inc. ("the Non-Party Entities").  The Requests are directed primarily to questions of whether Defendant—or one or more of the Non-Party Entities— engaged in activities that allegedly violate terms of use or service that apply to Facebook or Instagram, and to issues of damages.  In other words, Plaintiff's Requests incorrectly presume that Plaintiff has plausibly alleged the existence of a contract to which Defendant assented (which it has failed to do, as discussed in the First MTD and the Second MTD), and that Plaintiff has plausibly alleged an alter ego or agency theory that could give rise to contractual liability based on the actions of a subsidiary (which it has likewise failed to do, as discussed in the First MTD and Second MTD)— and then seek discovery on various issues as though those threshold issues have been properly pled. They have not.

**C.  <u>ARGUMENT</u>**

"District courts have broad discretion to stay discovery pending the resolution of a potentially dispositive motion, including a motion to dismiss."  *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007).  Courts within this district typically employ a two-part test to determine whether to grant a discretionary stay pending resolution of a motion to dismiss.  First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which

---

[1] Plaintiff was not prohibited from serving discovery requests—despite the fact that no case management conference ("CMC") has been held—due to the unique procedural history of this case. This case was originally assigned to Judge Beeler, who scheduled the CMC for April 13.  This case was reassigned to Judge Chesney, and then reassigned again to Judge Gilliam, who rescheduled the CMC for April 18.  That required the parties to hold a Rule 26 conference and submit a case management statement ("CMS"), which the parties did on April 11.  (Dkt. No. 35.)  In the CMS, Defendant objected to proceeding with full-scale discovery on Plaintiff's sole cause of action, and intended to address that issue at the CMC.  But Defendant never got the chance to do so, because Judge Gilliam continued the conference to a later date (Dkt. No. 38), and then the case was reassigned to this Court (Dkt. No. 44).  In the meantime, Plaintiff served those sixty-four discovery requests.  In the parties' updated joint CMS, Defendant again objected to proceeding with discovery, including Plaintiff's Requests, and indicated that discovery should be stayed pending resolution of the Second MTD.  (Dkt. No. 49 at 6 n.1.)

discovery is directed." *In re Nexus 6p Prods. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017). Second, "the court must determine whether the pending motion can be decided absent discovery." *Id.* In applying the foregoing test, courts typically take a "'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Huang v. Futurewei Techs., Inc.*, No. 18-cv-534-BLF, 2018 WL 1993503, at *2 (N.D. Cal. Apr. 27, 2018) (citations omitted).

Both prongs of the foregoing test are satisfied here. At a minimum, the Second MTD is potentially dispositive of the breach of contract claim asserted in the FAC—and given that all of the information sought by Plaintiff's Requests is necessarily directed to that contract claim (which was the only claim pending at the time that Plaintiff's Requests were served), the Second MTD is dispositive on the issues to which the discovery was directed.[2] Moreover, because the Second MTD challenges the facial sufficiency of the FAC's contract claim under Rule 12(b)(6), it can be decided absent discovery. *See Cellwitch, Inc. v. Tile, Inc.*, No. 19-cv-1315, 2019 WL 5394848, at *1–2 (N.D. Cal. Oct. 22, 2019) (staying discovery pending resolution of potentially dispositive motion to dismiss for failure to state a claim that can be decided without additional discovery).

Defendant is also confident that any "preliminary peek" at the merits of its pending dispositive motion will confirm that a stay of discovery is warranted here. Plaintiff has now twice failed to reasonably identify what online adhesion contracts Defendant allegedly entered into; whether those online adhesion contracts are browsewrap or clickwrap; and what actions Defendant allegedly took to manifest assent to the terms of any such online adhesion contracts—despite attaching 1500+ pages

---

[2] To the extent that Plaintiff contends that Plaintiff's Requests are also directed to their CFAA and CDAFA Claims (which were not asserted at the time Plaintiff's Requests were made), then that weighs even more strongly in favor of a stay, because Defendant has moved pursuant to Rule 12(b)(2) in the Second MTD for dismissal of the CFAA and CDAFA claims for lack of personal jurisdiction. *See, e.g., Doe v. MindGeek USA Inc.*, No. CV 22-1016 DMG (PVCx) (noting that "'where a dispositive motion raises issues of jurisdiction, venue, or immunity, courts within the Ninth Circuit often rule that staying discovery is appropriate pending resolution of these threshold issues'") (citations omitted); *Kabo Tools Co. v. Porauto Industrial Co.*, No. 2:12-cv-1859, 2013 WL 12321307, at *1 (D. Nev. Apr. 15, 2013) ("The filing of a Rule 12(b)(2) motion to dismiss strongly favors a stay, or at a minimum, limitations on discovery until the question of jurisdiction is resolved."); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when [those] motions raise issues of jurisdiction . . . .").

1    of largely irrelevant materials to the FAC. (*See* Dkt. No. 50.) And Plaintiff has now also twice failed

2    to plausibly allege that, if it contends that Defendant should be bound by online adhesion contracts

3    by virtue of the actions taken by a third-party entity, then such entity was acting as Defendant's agent

4    or alter ego. These repeated, fundamental failures are fatal to Plaintiff's claim for breach of contract.

5    (*Id.*) It would be unfairly prejudicial to require Defendant to engage in extensive and costly discovery

6    before the Court has at least had a chance to consider these arguments. Indeed, as the Ninth Circuit

7    has long recognized, "'the purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal

8    sufficiency of complaints *without subjecting themselves to discovery*.'" *See, e.g.*, *Arcell v. Google*

9    *LLC*, No. 22-cv-2499-EJD, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (quoting *Rutman*

10   *Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)) (emphasis added).

11           Staying this case would also be consistent with the arguments that Plaintiff has made to this

12   Court when it filed its own case-dispositive motion as a defendant in other litigation. *See, e.g.*, *Reveal*

13   *Chat Holdco, LLC v. Facebook Inc.*, No. 20-cv-363-BLF, 2020 WL 2843369 (N.D. Cal. Apr. 10,

14   2020) (granting Plaintiff's request for a motion to stay discovery pending resolution of its motion to

15   dismiss); *Onuoha v. Facebook Inc.*, No. 5:16-cv-6440, 2017 WL 11681325 (N.D. Cal. Apr. 7, 2017)

16   (same). Any objection by Plaintiff to a stay of discovery here is undermined by its repeated litigation

17   strategy of seeking similar stays under analogous circumstances.

18           The limited stay of discovery that Defendant proposes would also conserve the resources of

19   both the parties and this Court, and would result in no prejudice to Plaintiff. This case is in its infancy,

20   with no case management conference having yet been held, and with no scheduling order having been

21   issued. In addition, Plaintiff sought no temporary restraining order or preliminary injunction here,

22   and waited nearly six years after it first allegedly raised its claims of wrongdoing against Defendant

23   to file this lawsuit. (*See* FAC ¶ 34 (citing Ex. 4 to FAC).) A limited stay pending resolution of a

24   motion that is scheduled to be heard in just six weeks would therefore cause no undue prejudice to

25   Plaintiff. Moreover, even if Defendant's motion to discuss is only granted in part, that would narrow

26   the issues in this case and help conserve both party and judicial resources.

27

28

1

## CONCLUSION

For the above reasons, Defendant respectfully requests a stay of discovery until the Court has resolved the Second MTD.

Dated:  June 13, 2023                    GISH PLLC

By: */s/ Edward L. Tulin*

EDWARD L. TULIN

Attorneys for Defendant Voyager Labs Ltd.