UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| META PLATFORMS, INC., | Case No. 23-cv-00154-AMO |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING ADMINISTRATIVE MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS** |
| VOYAGER LABS LTD., | |
| Defendant. | Re: Dkt. No. 51 |

On June 13, 2023, Defendant Voyager Labs LTD. filed an administrative motion to stay discovery pending resolution of its motion to dismiss. ECF 51. Plaintiff Meta Platforms, Inc. opposes the motion. For the reasons set forth below, the Court **DENIES** Voyager's motion.

I.     **BACKGROUND**

Meta commenced this action on January 12, 2023. ECF 1. It filed an amended complaint on May 5, 2023. ECF 42. In its amended complaint, Meta alleges that Voyager "developed, distributed, and used surveillance software that relied on fake accounts and unauthorized automated means to collect - or 'scrape'- data from Facebook and Instagram, and other websites such as Twitter, YouTube, LinkedIn, and Telegram (the 'Surveillance Software')." *Id*. at 2. According to Meta, Voyager "designed the Surveillance Software to conceal its presence and activity from Meta and others, and sold and licensed for profit the data it scraped." *Id*. Meta alleges that by creating fake accounts through its employees and agents, Voyager scraped information associated with more than 600,000 Facebook users, such as content from Facebook Pages, Facebook Groups, and viewable user profile information, including their timeline, photos, videos, list of friends, posts, employment, education, location information, and certain user engagement activity. *Id.* at 12, 15. Meta asserts that Voyager's alleged unauthorized conduct

1    violates Facebook's and Instagram's terms. *Id.* at 2, 7. Meta brings claims for breach of contract,

2    violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the California

3    Comprehensive Data Access and Fraud Act, Cal. Pen. § 502. ECF 42 at 20-23.

4    On June 2, 2023, Voyager moved to dismiss the amended complaint. ECF 50. That

5    motion is fully briefed and set for hearing on November 16, 2023. ECF 55. Now before the Court

6    is Voyager's administrative motion to stay discovery[1] pending resolution of the motion to dismiss.

7    ECF 51. Meta opposes the motion. ECF 52.

## II.    LEGAL STANDARD

"'The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.'" *In re Nexus 6p Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011)). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). In deciding whether to grant such a stay, courts in this district analyze two prongs: (1) whether the pending motion is potentially dispositive of the entire case, and (2) whether the pending motion can be decided absent additional discovery. *Barrett v. Apple, Inc.*, No. 5:20-cv-04812-EJD, 2020 WL 13815568, at *1 (N.D. Cal. Oct. 22, 2020). "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *In re Nexus 6p Prod. Liab. Litig.*, 2017 WL 3581188, at *1 (citations omitted). "The two-factor test is not satisfied by superficial statements or vague articulations demonstrating nothing more than the traditional burdens of litigation." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-CV-06370-EJD, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018).

---

[1] The discovery served to date includes Meta's First Set of Requests for Production (Nos. 1-23), First Set of Interrogatories (Nos. 1-12), and First Set of Requests for Admission (Nos. 1-29). ECF 51-2. On order of the Court, the parties provided a statement indicating that Voyager served responses and objections to Meta's requests on the agreed date of June 21, 2023. ECF 56 at 2.

United States District Court
Northern District of California

### III. DISCUSSION

As an initial matter, Meta correctly points out that Voyager's administrative motion to stay discovery is procedurally improper. ECF 52 at 2. Motions to stay discovery must be brought as regularly noticed motions in accordance with Civil L.R. 7-2 through Civil L.R. 7-4. *See GeoSolutions B.V. v. Sina.com Online*, No. 5:21-CV-08019-EJD, 2023 WL 2562392, at *9 n.8 (N.D. Cal. Mar. 16, 2023) (granting motion to dismiss with leave to amend and denying motion to stay discovery as moot). Voyager's failure to do so is, by itself, sufficient grounds to deny the instant motion.[2]

Setting aside the procedural defect, Voyager's motion also fails on the merits. As to the first prong – whether the pending motion is potentially dispositive of the entire case – Voyager faults Plaintiff for "repeated, fundamental failures" that "are fatal to Plaintiff's claim for breach of contract." ECF 51 at 3-4. Voyager asserts that "Plaintiff has now twice failed to reasonably identify what online adhesion contracts Defendant allegedly entered into; whether those online adhesion contracts are browsewrap or clickwrap; and what actions Defendant allegedly took to manifest assent to the terms of any such online adhesion contracts . . . ." *Id.* Voyager likewise asserts that "Plaintiff has now also twice failed to plausibly allege that, if it contends that Defendant should be bound by online adhesion contracts by virtue of the actions taken by a third-party entity, then such entity was acting as Defendant's agent or alter ego." *Id.* at 4. Even if crediting Voyager's assertions as true, they fall short of convincing the Court that Meta's complaint is "'utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value.'" *See Barrett*, 2020 WL 13815568, at *1 (quoting *Gray*, 133 F.R.D. at 40). Put another way, Voyager has not shown that "plaintiff will be unable to state a claim for relief." *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam). Indeed, Voyager's attacks on Meta's contract claim appear more suited to cure by amendment, if necessary, rather than outright dismissal with prejudice at the motion to dismiss stage. *See Optronic Techs. Inc.*, 2018 WL

---

[2] The Court expects the parties to fully comply with the Federal Rules, this district's Local Rules, and this Court's Standing Orders in preparing and submitting any future filings. The Court will strike any non-compliant filings in the future.

1569811, at *1 ("On the first factor, Defendants correctly observe that the pending motion to dismiss could be dispositive of the entire action, if granted in its entirety and if the court decides that further leave to amend should not be permitted. But those are big "ifs.").

As to the second prong, Voyager argues that "because the Second MTD challenges the facial sufficiency of the FAC's contract claim under Rule 12(b)(6), it can be decided absent discovery." ECF 51 at 3. Voyager is correct that its motion to dismiss will be decided based on the sufficiency of the complaint. "The accuracy of that statement is of no moment, though, because granting a stay on such a basic notion is unwarranted. The mere filing of a motion to dismiss is not ordinarily sufficient to stop the discovery process[.]" *Optronic Techs. Inc.*, 2018 WL 1569811, at *2.

## CONCLUSION

For the reasons set forth above, Voyager's administrative motion to stay discovery is DENIED. To the extent the parties wish to brief disputes as to any discovery requests or responses served to date, they may do so only after meeting and conferring as required by the Court's Civil Standing Order. Any discovery-related briefing presented to the Court must be submitted as set forth in that Order.

The parties shall submit a further case management conference statement on November 9, 2023. The Court will hold a further case management conference on November 16, 2023, concurrent with the hearing on Voyager's pending motion to dismiss.

**IT IS SO ORDERED.**

Dated: July 26, 2023

_____
ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

4