EMILY REITMEIER (SBN 305512)
emily.reitmeier@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
 FLOM LLP
525 University Avenue
Palo Alto, California 94301-1908
Telephone:    (650) 470-4500
Facsimile:    (650) 470-4570

RYAN IWAHASHI (SBN 284766)
ryan@gishpllc.com
GISH PLLC
50 California Street
San Francisco, CA 94111
Telephone: (415) 630-2000

EDWARD L. TULIN (*pro hac vice*)
edward@gishpllc.com
ANDREW D. GISH (*pro hac vice*)
andrew@gishpllc.com
RAYMOND J. BILDERBECK (*pro hac vice*)
ray@gishpllc.com
GISH PLLC
41 Madison Avenue, Floor 31
New York, NY 10010
Telephone:    (212) 518-2000

Attorneys for Defendant Voyager Labs, Ltd.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| META PLATFORMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VOYAGER LABS LTD., <br><br> Defendant. | Case No. 3:23-cv-00154-AMO <br><br> **DEFENDANT VOYAGER LABS LTD.'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO WITHDRAW DECLARATION OF MICHAEL CHMELAR AND EXHIBITS ATTACHED THERETO** <br><br> Judge: Honorable Araceli Martinez-Olguín <br><br> First Amended Complaint Filed: May 5, 2023 <br> Case No. 3:23-cv-00154-AMO |

1         While Meta's Motion to Withdraw the Chmelar Declaration and Exhibits 1-3 thereto (Dkt. 86 ("Withdrawal Motion")) may appear at first blush to be a straightforward administrative motion, it implicates a key substantive point that Defendant Voyager Labs Ltd. ("Voyager UK") has made since the inception of this case: it is unclear what contract(s) Voyager UK is alleged to have entered with Meta, when those contracts were entered, and how Voyager UK is alleged to have assented to their terms.  While Voyager UK understands that Meta no longer contends that Exhibit 3 to the Chmelar Declaration was one of the contracts that Voyager UK entered, the fact that Meta previously made that argument is relevant to issues that are still in the case.  The Court should not grant Meta's request to "withdraw from the record" documents that are referenced in briefs that will remain on the public docket in any event—and Meta does not cite any instance when this Court has granted such a request.

## PROCEDURAL BACKGROUND

On June 2, 2023, Voyager UK filed its Motion to Dismiss the First Amended Complaint ("First MTD").  (Dkt. 50.)  On June 30, 2023, Meta submitted its opposition, along with the Chmelar Declaration and Exhibits 1-3.  (Dkt. 53.)  In its opposition to the First MTD, Meta cited Exhibit 3 to the Chmelar Declaration and argued that "Voyager [UK] agreed to the forum-selection clause in Meta's Commercial Terms"—i.e., to the forum-selection clause contained in Exhibit 3 to the Chmelar Declaration.  (Dkt. 53 at 21 n.11.)  The Chmelar Declaration described Exhibit 3 thereto as "a true and correct copy of Meta's Commercial Terms effective as of July 1, 2022 through May 5, 2023." (Dkt. 53-1, ¶ 7.)  On July 14, 2023, Voyager UK submitted its Reply in support of the First MTD, discussing the Chmelar Declaration and its exhibits.  (*See* Dkt. 57 at 14.)

As Meta noted in its Withdrawal Motion, the Court thereafter terminated Voyager UK's First MTD pending the completion of ADR proceedings.  (Dkt. 65.)  After the parties were unable to settle the case, Voyager UK submitted a renewed Motion to Dismiss on February 8, 2024.  (Dkt. 83 ("Renewed MTD").)  On February 22, 2024, Meta submitted its opposition to the Renewed MTD, along with the Andre Declaration (which Meta refers to in its opposition as the Wleklinski Declaration).  (Dkt. 84.)  According to the Andre Declaration, "Exhibit 3 is a true and correct copy of Meta's Commercial Terms effective as of January 18, 2022 through May 5, 2023."  (Dkt. 84-1, ¶ 7.)  On February 29, 2024, Voyager UK filed its Reply in support of the Renewed MTD, which noted

that the Chmelar Declaration submitted a version of the Meta Commercial Terms that was different from the version submitted with the Andre Declaration, although both were described as being in effect during overlapping time periods. (Dkt. 85 at 3.) Voyager UK characterized these inconsistent submissions as emblematic of Meta's failure to properly put Voyager UK on notice of the contracts it is alleged to have entered, and that are the subject of Meta's claim for breach of contract. (*Id.*)

## ARGUMENT

According to Meta, Exhibit 3 to the Chmelar Declaration "inadvertently contained an incorrect version of Meta's Commercial Terms," while the more recently submitted "Andre Declaration attached the correct version of Meta's Commercial Terms as Exhibit 3." (Dkt. 86 at 2.) It is not clear what was "incorrect" about the version of Meta's Commercial Terms attached to the Chmelar Declaration (e.g., whether that version was never alleged to have been in effect, is not alleged to have been agreed to by Voyager UK, or was incorrect in some other way). But whatever the reason, the Withdrawal Motion clarifies that Meta is no longer relying on the Chmelar Declaration or its exhibits, and the Court does not need to remove any materials from the public record (or take any additional action) for that to be clear.

Indeed, Meta cites no instance when a sworn declaration and its exhibits have been withdrawn from the public record by this Court. And as other courts have recognized, "the Federal Rules of Civil Procedure only contemplate 'motions to strike unsigned papers under Rule 11, third-party claims under Rule 14(a), and certain matters in pleadings under Rule 12(f).' Courts have repeatedly held that the Federal Rules of Civil Procedure do not contemplate motions to strike affidavits." *Caspers Ice Cream, Inc. v. Fatboy Cookie Co.*, No. 1:12-cv-133, 2013 WL 2367976, at *5 (D. Utah May 29, 2013).

Finally, it would be counterproductive for the Court to "withdraw from the record" the Chmelar Declaration or Exhibits 1-3 thereto for at least two reasons. <u>First</u>, that record—including the Chmelar Declaration and the now-abandoned allegations relating to the "incorrect" version of the Commercial Terms—is relevant to the merits of Voyager UK's Renewed MTD. And the fact that Meta placed different versions of Commercial Terms at issue in this case, even inadvertently, underscores Meta's failure to place Voyager UK on notice of what version of the Commercial Terms

DEFENDANT'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION    CASE NO. 3:23-cv-00154-AMO

were allegedly binding on Voyager UK.  The fact that the Chmelar Declaration and its exhibits have remained on the docket for more than eight months—and the continuing lack of clarity regarding which version of Meta's Commercial Terms is alleged to be at issue—underscores Voyager UK's argument that the First Amended Complaint should be dismissed with prejudice.  *Second*, multiple briefs on the docket refer to the Chmelar Declaration and its exhibits, and thus it would make for a confusing and incomplete record if materials were withdrawn from that record, as Meta requests.

## CONCLUSION

Mistakes happen in litigation, and Voyager UK is not trying to make things more difficult for Meta or this Court by opposing an administrative motion just for the sake of doing so, or by trying to take undue advantage of an honest mistake that Meta made.  But the docket should reflect materials that were submitted subject to penalty of perjury, that were relied upon in briefs submitted to the Court, and that are relevant to disputed issues—even if certain of those materials were erroneously submitted.  Voyager UK therefore respectfully requests that Meta's Withdrawal Motion be denied.

Dated:  March 8, 2024

GISH PLLC

By: */s/ Edward L. Tulin*
EDWARD L. TULIN
Attorneys for Defendant Voyager Labs Ltd.