KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
OLEG ELKHUNOVICH (269238)
oeklhunovich@susmangodfrey.com
MICHAEL GERVAIS (330731)
mgervais@susmangodfrey.com
LEAR JIANG (338600)
ljiang@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

CHANLER LANGHAM (Pro Hac Vice)
clangham@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana St #5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Attorneys for Plaintiff Meta Platforms, Inc.

EMILY REITMEIER (SBN 305512)
emily.reitmeier@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
 FLOM LLP
525 University Avenue
Palo Alto, California 94301-1908
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

RYAN IWAHASHI (SBN 284766)
ryan@gishpllc.com
GISH PLLC
50 California Street
San Francisco, CA 94111
Telephone: (415) 630-2000

EDWARD L. TULIN (*pro hac vice*)
edward@gishpllc.com
ANDREW D. GISH (*pro hac vice*)
andrew@gishpllc.com
RAYMOND J. BILDERBECK (*pro hac vice*)
ray@gishpllc.com
GISH PLLC
41 Madison Avenue, Floor 31
New York, NY 10010
Telephone: (212) 518-2000

Attorneys for Defendant Voyager Labs, Ltd

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| META PLATFORMS, INC., a Delaware corporation, | Case No. 3:23-cv-00154-AMO |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER REGARDING PERMANENT INJUNCTION AND DIMISSAL** |
| v. | |
| VOYAGER LABS LTD., a United Kingdom corporation, | |
| Defendant. | |

Pursuant to Civil Local Rule 7-12, Plaintiff Meta Platforms, Inc. ("Meta" or "Plaintiff") and Defendant Voyager Labs Ltd. ("Voyager UK" or "Defendant"), by and through their respective counsel, hereby stipulate to the entry of a permanent injunction and order as follows:

WHEREAS, Defendant is a company organized under the laws of England and Wales;

WHEREAS, Meta is headquartered in California and owns and operates Facebook and Instagram;

WHEREAS, on January 12, 2023, Meta filed a complaint against Defendant in the above-captioned action alleging a claim for breach of contract, and filed a First Amended Complaint ("FAC") on May 5, 2023, alleging claims for breach of contract, violations of the federal Computer Fraud and Abuse Act ("CFAA"), and violations of the California Comprehensive Computer Data Access and Fraud Act ("CDAFA");

WHEREAS, Meta alleges that beginning no later than July 2022, Defendant developed, distributed, and used software—including but not limited to, VoyagerAnalytics, VoyagerInsights, VoyagerVision, and VoyagerCheck—that relied on fake accounts and unauthorized automated means to collect viewable data from Facebook and Instagram ("the Voyager Software");

WHEREAS, Defendant denies the allegations in the FAC, and contests the exercise of personal jurisdiction over it for purposes of the CFAA and CDAFA claims in the FAC, and specifically denies that it is bound by the terms of any contract with Meta;

WHEREAS, Meta contends that it has suffered an irreparable injury, which Defendant denies; and

WHEREAS, the parties have agreed to fully resolve and settle all disputes between them, without any admission of wrongdoing by Defendant;

NOW THEREFORE, the parties stipulate and agree as follows:

## STIPULATION AND PERMANENT INJUNCTION

IT IS HEREBY STIPULATED AND AGREED by Meta and Defendant that:

1.  Defendant and all other individuals who are described in Federal Rule of Civil Procedure 65(d)(2), including the Defendant; its officers, agents, servants, employees, attorneys, successors, and assigns; and its corporate affiliates Voyager Analytics Inc., Bionic 8 Analytics Ltd., and Novarize, Inc; and other persons who are in active concert or participation with the Defendant or the Defendant's officers, agents, servants, employees, attorneys, successors, and assigns (collectively "the Voyager Entities") are immediately and permanently enjoined:

    a.      From accessing, attempting to access, or using, whether directly or indirectly through a third party, intermediary, or proxy, the Facebook and Instagram services on Defendant's behalf for any reason without Meta's express written permission or facilitating others to do the same, regardless of whether such access or use is undertaken while logged-in to a Facebook or Instagram account.  For the sake of clarity, this would not prevent any employee, agent, servant, or attorney of the Voyager Entities from maintaining and using a Facebook or Instagram account exclusively for personal use.

    b.      From engaging in or assisting others in unauthorized, automated data collection (also known as "scraping") from Facebook or Instagram, whether directly or indirectly through a third party, intermediary, or proxy, or facilitating others to do the same, regardless of whether such scraping is undertaken while logged-in to a Facebook or Instagram account.

    c.      From developing, using, selling, offering for sale, distributing, marketing, or directing, aiding, or conspiring with others to develop, use, sell, offer for sale, distribute, or market any software, computer code, or any other product or service that is intended to perform unauthorized automated collection of data from Facebook or Instagram, regardless of whether such automated collection is undertaken while logged-in to a Facebook or

Instagram account, or that otherwise circumvents Meta's enforcement measures that prevent the unauthorized automated collection of data from Facebook or Instagram.

d.      From purchasing, using, distributing, selling, licensing, analyzing, or otherwise accessing any data scraped from Facebook and Instagram, whether directly or indirectly through a third party, intermediary, or proxy, regardless of whether such scraping was undertaken while logged-in to a Facebook or Instagram account.

e.      From using, developing, selling, or distributing to the public, any instructions, tutorials or information that describe how to scrape Meta's services.

2.  The Voyager Entities are required to delete any and all software, script(s), or code in the possession, custody, or control of the Voyager Entities or that any Voyager Entity transferred to a third-party where such software, script(s), or code is designed to access or interact with the Facebook or Instagram services.  The Voyager Entities are further required to immediately and permanently delete any and all data they have collected from Meta, including, but not limited to user credentials and access tokens.

3.  Defendant shall notify all of the Voyager Entities, including all current officers, employees, attorneys, and any entity in possession of and utilizing the Voyager Software of the existence of this Permanent Injunction and provide a copy of this Permanent Injunction to each of them no later than ten (10) business days after the entry of this Order.  Defendant shall make reasonable efforts to notify any future officers, agents, servants, and employees of the Voyager Entities of the existence of the Permanent Injunction.

4.  The Court shall retain continuing jurisdiction to enforce the terms of this Permanent Injunction and to address other matters arising out of or regarding this Permanent Injunction, including any allegations that the parties to this Action have failed to comply with their obligations as set forth in this Permanent Injunction, and the parties agree to submit to the Court's jurisdiction for those purposes.  Notwithstanding the foregoing, nothing herein shall be construed as a waiver

of Defendant's objection to the exercise of personal jurisdiction over it for purposes of the CFAA and CDAFA claims that were asserted in the FAC. Moreover, the parties agree that prior to seeking any relief from the Court relating to any allegations of failure to comply with this Permanent Injunction, the party alleging non-compliance shall provide notice to the other party hereto, along with the basis for those allegations, and shall allow for no less than thirty (30) days for the other party to cure any alleged non-compliance.

5.  The rights and obligations under this Permanent Injunction shall benefit, and be binding upon, each of the parties and their respective affiliates, successors, and assigns.

6.  Beginning on January 1, 2025, Voyager UK agrees, on an annual basis, to provide, at Meta's request, reasonable access to a mutually acceptable[1] third-party auditor that is sufficient to allow the auditor to assess the technical operation of the Voyager Software so as to:

     a.  Confirm that the Voyager Software is not capable of scraping data from Facebook or Instagram, and does not otherwise circumvent Meta's enforcement measures;

     b.  Determine whether Voyager UK has access to or control over data collected from Facebook, Instagram, or any other Meta platform; and

     c.  Confirm deletion of any such data.

Meta's decision not to request an audit does not constitute consent to a violation of Meta's terms or waiver of the right to bring a legal action in response to conduct by Defendant or the prohibited parties.

7.  The auditor(s) shall treat any information provided in connection with the annual audit as Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Source Code (as applicable) under the Protective Order entered in this case, and the results of that annual audit

---

[1] The process for selecting the third-party auditor shall be as follows: No later than 14 days prior to the assessment, Meta will propose a list of no more than three potential auditors, along with their CVs, if available, to Voyager. Voyager will then select one of those auditors as the designated mutually acceptable third-party auditor.

(including any reports and summaries, whether oral or written) shall be treated as Confidential

under the Protective Order entered in this case (and shall not contain any source code).

### DISMISSAL

Plaintiff's claims against Defendant are hereby dismissed with prejudice, except the Court

retains jurisdiction to enforce this Stipulated Permanent Injunction and Dismissal. Each party bears

its own fees and costs.

Dated: December 3, 2024                           Kalpana Srinivasan
                                                  Chanler Langham
                                                  Oleg Elkhunovich
                                                  Michael Gervais
                                                  Lear Jiang
                                                  **SUSMAN GODFREY L.L.P.**

                                                  By:   */s/ Chanler Langham*
                                                  _____
                                                  Chanler Langham

                                                   Attorneys for Plaintiff
                                                  META PLATFORMS, INC.


                                                  Edward L. Tulin *(pro hac vice)*
                                                  Andrew D. Gish *(pro hac vice)*
                                                  Raymond J. Bilderbeck *(pro hac vice)*
                                                  Emily Anne Reitmeier (SBN 305512)

                                                  *By: /s/ Edward Tulin_____*
                                                       Edward L. Tulin


                                                  Attorneys for Defendant
                                                  VOYAGER LABS LTD.

## ATTESTATION

I hereby attest that I have obtained the concurrence of all other signatories in the filing of this document.

Dated:  December 3, 2024

/s/ Lear Jiang
Lear Jiang

Attorneys for Plaintiff
META PLATFORMS, INC

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

Dated: _____, 2024

_____
Honorable Araceli Martínez-Olguín
United States District Judge